UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL CASE NO. |
| : | 3:99-CR-00112 (JCH) |
| RICHARD ZEBROWSKI : | |
| : | |
| : | FEBRUARY 3, 2009 |

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT
UNDER RULE 60 [Doc. No. 103]**

Defendant Richard Zebrowski is serving a sentence of 262 months imprisonment for unlawful possession by a convicted felon of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  On October 2, 2000, the Court of Appeals for the Second Circuit affirmed his conviction.  United States v. Zebrowski, 229 F.3d 1136 (2d Cir. 2000) (per curiam).  Zebrowski then filed a petition for a writ of certiorari before the United States Supreme Court, which was denied on April 15, 2001.  Subsequently, Zebrowski filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255.  On July 29, 2003, this court issued a ruling denying the Motion.  See Doc. No. 80.

In ruling on the section 2255 Motion, the court considered several arguments in detail, including Zebrowski's claim that the imposition of a 262 month sentence violated Zebrowski's rights under Apprendi v. New Jersey, 530 U.S. 466 (2000).  The court concluded that the claim was procedurally barred because it was previously litigated on direct appeal.  It went on to conclude, however, that even if Zebrowski's claim under Apprendi was not procedurally barred, his claim would fail on the merits.

1

Zebrowski now moves the court, pursuant to Rule 60 of the Federal Rules of Civil Procedure, and "whatever jurisdiction [the court] might have," Mot. at 1, seeking relief from the court's judgment. Zebrowski seeks a reduction of his sentence, immediate release, or any other relief available. Mot. at 5-6. Because the relief he seeks is beyond the scope of Rule 60, Zebrowski's Motion is DENIED.

I.  **DISCUSSION**

In the instant Motion, Zebrowski argues that his Sixth Amendment rights were violated by the court's application of the Sentencing Guidelines. As a result, Zebrowski argues, the court's judgment is void. He claims that the error is jurisdictional and that the court may correct it under Federal Rule of Civil Procedure 60(a) or (b). He also argues that post-conviction rehabilitation warrants a reduction in his sentence.

A.  Rule 60(a)

Zebrowksi seeks relief under Rule 60(a), contending that, "[t]he error of omitting the allegation of a controlled substance offense in connection with the use of a firearm is a clerical error arising from oversight . . . ." Mot. at 4. As the government correctly argues, Rule 60(a) applies to the correction of clerical mistakes and inadvertent errors in a judgment. Correction through the Rule is available to permit the correction of "clerical mistakes," and "inadvertent errors," when correction is necessary "not to reflect a new and subsequent intent of the court, but to conform the order to the 'contemporaneous intent of the court.'" Robert Lewis Rosen Assocs., Ltd. v. Webb, 473 F.3d 498, 505 n.11 (2d Cir. 2007). The defendant cannot point to an error that lead to the court's judgment not reflecting the contemporaneous intent of the court at the time of sentencing. Rather, his charge is that the court acted improperly in sentencing him

2

"according to a crime that he had never been indicted on, nor did any conviction exist." Mot. at 3. This charge reiterates the claim, already ruled upon and rejected in the court's ruling on Zebrowski's § 2255 Motion, that he is entitled to relief under Apprendi. See Doc. No. 80. Accordingly, it is rejected as beyond the scope of Rule 60(a).

B.   Rule 60(b)

Zebrowski also seeks modification of his judgment of conviction pursuant to Rule 60(b). When a movant has already brought a habeas proceeding, a subsequent Petition or Motion attacking an underlying judgment of conviction is properly brought as a second or successive habeas application. See Harris v. United States, 367 F.3d 74, 77, 82 (2d Cir. 2004); Gitten v. United States, 311 F.3d 529, 533-34 (2d Cir. 2002); see also Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (coming to a similar conclusion in the context of a collateral attack on a state court conviction under § 2254). The remedy Zebrowski seeks, "relief from the court's judgment" and the modification of his existing sentence, constitutes an attack on his underlying conviction. In support of his claim for relief, Zebrowski primarily reasserts arguments, pursuant to Apprendi, that he already made in his section 2255 proceeding. He does not challenge the integrity of that prior proceeding. See Gonzalez, 545 U.S. at 532 (explaining that a motion under Rule 60(b) may be employed to remedy a defect in the integrity of a previous habeas proceeding); Rodriguez v. Mitchell, 252 F.3d 191, 198-200 (2d Cir. 2001). Even if these arguments could appropriately be considered on a Rule 60(b) motion, the court has already found them to be without merit in ruling on Zebrowski's section 2255 Motion. See Doc. No. 80.

As the Second Circuit has explained, "a Rule 60(b) motion that attacks the

underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to this Court for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).' Harris, 367 F.3d at 82 (quoting Gitten, 311 F.3d at 533-34). Because Zebrowski has already brought his Sixth Amendment challenge in his direct appeal and his prior section 2255 proceeding, transferring Zebrowski's position to the Court of Appeals would risk summary denial of his challenge. It would also risk the denial of any subsequent, potentially meritorious challenge as an abuse of the writ. See Gitten, 311 F.3d at 533. Accordingly, the court will avail itself of the second option and deny the Motion as beyond the scope of Rule 60(b).[1]

    C.    Post-Conviction Rehabilitation

Finally, Zebrowski contends that the court should consider reducing his sentence to reflect his "characteristic changes towards a positive lifestyle," including the acquisition of college credits. Mot. at 1, 6. Under 18 U.S.C. § 3582(c), a court's ability to modify a term of imprisonment once imposed is limited to certain narrow circumstances. These include a motion of the Director of the Bureau of Prisons in certain circumstances, 18 U.S.C. § 3582(c)(1)(A); when otherwise permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); or when a defendant's sentencing range has been subsequently lowered by the Sentencing Commission, 18 U.S.C. § 3582(c)(2). The court is aware of no authority

---

[1] It bears noting that Zebrowski has expressly denied that his Motion is a motion under section 2255. See Movant's Response at 1 (Doc. No. 114).

permitting the court to reduce a defendant's sentence solely on the ground that he has engaged in post-sentencing rehabilitative efforts.  The only authority to which defendant cites is U.S.S.G. § 5K2.19, which provides that post-sentencing rehabilitative efforts, even if exceptional, are *not* an appropriate basis for a downward departure on resentencing.[2]

## II.    CONCLUSION

Accordingly, the court DENIES Zebrowski's Motion [**Doc. No. 103**] as beyond the scope of Rule 60(a), Rule 60(b), and 18 U.S.C. § 3582(c).


**SO ORDERED.**

Dated at Bridgeport, Connecticut this 3rd day of February, 2009.


    /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[2] Where other authority exists to resentence a defendant, it may be possible on resentencing to take post-conviction rehabilitative efforts into account pursuant to 18 U.S.C. § 3553(a), notwithstanding U.S.S.G. § 5K2.19.  See United States v. Perry, 268 Fed.Appx. 131, 132 (2d Cir. 2008).  No other authority for resentencing is cited and the court is aware of none.